IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Donald W. KRUEGER, attorney at law.

Supreme Court

No. 80–1807–D. Filed June 30, 1981.
(Also reported in 307 N.W.2d 184.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On October 2, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging four counts of unprofessional conduct against Donald W. Krueger, an attorney admitted to practice in this state since 1947 and who practices in Beloit. The respondent filed an answer denying the allegations of unprofessional conduct, and the court referred the matter to the Hon. William C. Sachtjen as referee pursuant to SCR 21.09 (1980).

On November 20, 1980, counsel for the Board and the respondent entered into a stipulation in lieu of a hearing. The stipulation related to only one of the counts of professional misconduct contained in the complaint, and that involved the respondent's representation of a client in a divorce proceeding. It was stipulated that the client, while living in Illinois, retained the respondent to represent him and that the respondent counseled the client to rent a room in Wisconsin in order to satisfy the residency requirements for a divorce action under Wisconsin law. The client did so for a period of two weeks, and the respondent filed a divorce petition for him alleging that the client was a resident of Wisconsin for more than six months and of Rock county for more than 30 days prior to the commencement of the action. Subsequently, the client retained other counsel and testified in circuit court to the facts concerning his residency, following which the action was dismissed for failure of the client to meet the residency requirements. The parties to the disciplinary proceeding stipulated that the respondent's actions constituted unprofessional conduct in violation of SCR 20.04(4), which proscribes conduct "involving dishonesty, fraud, deceit or misrepresentation."

The referee filed his report with the court on December 19, 1980, in which he made findings consistent with the stipulation and concluded that the respondent violated SCR 20.04(4) in his handling of the divorce matter. The referee recommended that the respondent be publicly reprimanded for his conduct in counseling his client as to his residency in the divorce action and that he be required to pay the costs of the proceeding in the amount of $223.-75.

Because the parties stipulated and the referee concluded that the respondent's conduct consisted of dishonesty, fraud, deceit or misrepresentation, the court, by order of

January 2, 1981, ordered the Board and the respondent to file briefs on the question of the appropriateness of the recommended discipline in light of *State v. MacIntyre*, 238 Wis. 406, 298 N.W. 200 (1941). From those briefs it appeared that both Board counsel and the respondent were of the opinion that a public reprimand would be appropriate discipline for the reason that it was not clear whether the respondent knowingly counseled his client to take up a false residence or whether the respondent was negligent in failing to properly ascertain the residency of his client. Board counsel distinguished *MacIntyre* as a matter which involved two acts of unprofessional conduct, including the subornation of perjury. Because the position of the parties taken in their briefs concerning the nature of the misconduct was substantially different from the characterization of that misconduct in the stipulation and the referee's report, on February 17, 1981, we remanded the matter to the referee for proceedings necessary to clarify the nature of the. respondent's misconduct.

The referee held hearings on March 30 and June 2, 1981, and filed his report on June 16, 1981. From the testimony of several witnesses at those hearings the referee concluded that the facts as they had been disclosed to the respondent initially by his client gave some reason to believe that the client could meet the statutory residential requirements under Wisconsin law to bring an action for a divorce and that diverse opinions could exist concerning the client's residency at the time the action was commenced. The referee noted that the respondent did not tell his client to testify falsely but that he did tell him some of the means he should take to manifest an intention to continue his Wisconsin residency, despite the presence of facts indicating a specific intention to abandon a Wisconsin domicile and establish a new one in an-

other state. The referee recommended that we accept his initial report and recommendation and impose a public reprimand. With the exception of the conclusion that the respondent violated SCR 20.04(4), we hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that Donald W. Krueger is publicly reprimanded for unprofessional conduct.

It is further ordered that Donald W. Krueger pay the costs of this proceeding in the amount of $223.75 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order, provided that if the costs are not paid within the time specified, the license of Donald W. Krueger to practice law in Wisconsin shall be forthwith suspended.