In the Matter of Disciplinary Proceedings Against Don W. Krueger, Attorney at Law.

Supreme Court

*No. 82–2361–D. Filed April 26, 1983.*
(Also reported in 332 N.W.2d 815.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The Board of Attorneys Professional Responsibility (Board) filed a complaint with the court on December 10, 1982, in which it alleged that Don W. Krueger, an attorney licensed to practice law in Wisconsin in 1947 and who practices in Beloit, neglected a legal matter entrusted to him, in violation of SCR 20.32(3). The complaint alleged that early in 1981 the respondent was retained by a client to represent him in a traffic matter and that the respondent agreed to appear in court on the client's behalf on a scheduled date. The respondent failed to appear, resulting in the issuance of a bench warrant for his client's arrest. When the client informed the respondent that the warrant had been issued, the respondent promised that he would handle the matter, but he

failed to take any action on the client's behalf, which resulted in the client's being arrested and taken into custody at his home in front of friends and others. The client was incarcerated for approximately one hour before the respondent was able to arrange for his release. A second count of unprofessional conduct was subsequently dismissed by the referee for lack of evidence, upon motion of the Board.

We referred the matter to the Honorable Edwin M. Wilkie, Reserve Judge, as referee, pursuant to SCR 21.-09(4). The respondent filed an answer to the complaint, in which he admitted to having missed an appearance in the traffic matter on behalf of the client, but he denied that he had agreed to take care of the matter after the client informed him of the issuance of the bench warrant. He also alleged that he did not charge the client any fee for his services in the traffic matter and that he never accepted any money from the client for that representation.

The referee filed his report and recommendation with the court on February 21, 1983, in which he found that the respondent failed to appear in court on his client's behalf in the traffic matter, the result of which was the issuance of a bench warrant for his client's arrest. The referee also found that upon receiving notification of the issuance of the bench warrant, the client contacted the respondent and that the respondent promised the client that he would handle the matter, but that he failed to take any action on the client's behalf, resulting in his client's being arrested and taken into custody at his home in the presence of friends and others and incarcerated for approximately one hour before the respondent was able to arrange his release. The referee concluded that such conduct constituted neglect of a legal matter entrusted to him, in violation of SCR 20.32(3). The referee recommends that the respondent be publicly rep-

rimanded and required to pay the costs of this proceeding. The referee noted that the respondent was previously reprimanded for misconduct, *Disciplinary Proceedings Against Krueger*, 103 Wis. 2d 192 (1981), but stated that a public reprimand is sufficient in this case because it does not appear that the respondent is engaged in a pattern of conduct by which he regularly neglects legal matters entrusted to him by clients. We observe that the respondent's conduct before us in this matter occurred prior to our 1981 order publicly reprimanding him for unprofessional conduct and that the respondent has not appealed from the referee's recommendation in this matter.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that Attorney Don W. Krueger is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that Don W. Krueger pay to the Board of Attorneys Professional Responsibility within 60 days of the date hereof the costs of this disciplinary proceeding in the amount of $633.97, provided that if the costs are not paid within the time specified, the license of Don W. Krueger to practice law in Wisconsin shall be revoked forthwith.